27759.00I9AO                                                                                             Document #: 769433

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARSEN LEASING LIMITED., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:08-cv-01669 |
| | ) |
| COMDATA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant, Comdata Corporation ("Comdata"), by its attorneys, answers the Complaint of Plaintiff, Larsen Leasing Limited ("Larsen"), as follows:

1. Larsen is an Illinois corporation with its principal place of business in Bensenville, Cook County, Illinois. Larsen is in the trucking business.

**ANSWER:** Comdata admits, on information and belief, the allegations in Paragraph 1 of the Complaint.

2. Comdata is a corporation which does business in Illinois. Comdata is in the business of providing credit and credit related services to, among others, trucking and transportation companies.

**ANSWER:** Comdata admits the allegations in Paragraph 2 of the Complaint.

3. Beginning in or about early 2000, Larsen and Comdata entered into an agreement pursuant to which Larsen agreed to open an account with Comdata pursuant to which Comdata would provide express checks and fuel cards for payments on Larsen's account to third party vendors who provided products or services to Larsen and its drivers. Larsen then provided

Comdata with a list of individuals who were authorized to contact Comdata and direct Comdata to make payments by express checks or issue fuel cards against Larsen's account with Comdata to third party vendors who provided products or services to Larsen and its drivers.

**ANSWER:** Comdata admits that Larsen and Comdata entered into an agreement, the terms of which speak for themselves. Comdata denies the remaining allegations in Paragraph 3 of the Complaint.

4. During relevant times in 2006 and 2007, Tracy Morley ("Morley") was a low level Larsen employee. Larsen never at any time authorized Morley to contact Comdata and instruct it to issue checks or fuel cars to anyone. Larsen also never at any time provided Comdata with authorization to allow Morley to direct Comdata to issue express checks or fuel cards against Larsen's account to anyone. And, Larsen never did anything to hold Morley out as having the authority to direct Comdata to issue express checks or fuel cards against Larsen's account to anyone.

**ANSWER:** Comdata is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 4 of the Complaint and therefore denies same. Comdata denies the remaining allegations in Paragraph 4 of the Complaint.

5. Nonetheless, between March 2006 and June 2007, Morley, without any authorization from Larsen, contacted Comdata and instructed Comdata to issue checks to herself and others on Larsen's account (the "Unauthorized Checks").

**ANSWER:** Comdata admits that between March 2006 and June 2007, Morley contacted Comdata and requested that Comdata issue express codes for express checks on Larsen's account. Comdata denies the remaining allegations in Paragraph 5 of the Complaint.

6. Comdata then, at Morley's sole direction, issued the Unauthorized Checks to

Morley and others. Comdata did so without ever doing anything to verify Morley's authority at Larsen to direct the issuance of checks on Larsen's account with Comdata.

**ANSWER:** Comdata denies the allegations in Paragraph 6 of the Complaint.

7. All of the Unauthorized Checks were issued for unauthorized purposes and Larsen did not receive any benefit from the issuance of the Unauthorized Checks.

**ANSWER:** Comdata is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies same.

8. However, Comdata charged the Unauthorized Checks against Larsen's account with Comdata.

**ANSWER:** Comdata admits that it charged checks against Larsen's account with Comdata. Comdata denies the remaining allegation in Paragraph 8 of the Complaint.

9. The total amount of the Unauthorized Checks was $81,823.28.

**ANSWER:** Comdata denies the allegations in Paragraph 9 of the Complaint.

10. Upon discovering the Unauthorized Checks and the unauthorized charges against its account, Larsen contacted Comdata and demanded a credit in the amount of, or the return or refund of, the $81,823.28 charged against its account without proper authorization. In the alternative, Larsen demanded that Comdata provide it with some evidence that the charges were properly authorized by Larsen.

**ANSWER:** Comdata admits that Larsen contacted Comdata and demanded a credit in the amount of, or the refund of, $81,823.28. Comdata denies the remaining allegations in Paragraph 10 of the Complaint.

11. Comdata has failed and refused to respond to Larsen's demand, and more particularly has failed and refused, despite demand, to issue a credit or refund for the $81,823.28

charged against Larsen's account.

**ANSWER:** Comdata denies that it failed and refused to respond to Larsen's demand. Comdata admits that it refused to issue a credit or refund to Larsen for $81,823.28. Comdata denies the remaining allegations in Paragraph 11 of the Complaint.

12. Comdata's conduct in refusing to provide Larsen a credit or refund in the amount of $81,823.28 in the absence of evidence that the charges were authorized by Larsen is willful and vexatious.

**ANSWER:** Comdata denies the allegations in Paragraph 12 of the Complaint.

### AFFIRMATIVE DEFENSE NO. 1 - WAIVER

Larsen was aware that Morley was obtaining express codes from Comdata on Larsen's account. Despite having this knowledge, Larsen took no action to stop Morley form obtaining express codes. Further, Larsen never informed Comdata that it should not provide express codes to Morley until June 27, 2007. Therefore, Larsen has waived any claim that Comdata acted wrongfully in providing express codes to enable Morley to issue checks on Larsen's account with Comdata.

### AFFIRMATIVE DEFENSE NO. 2 - ESTOPPEL

Larsen authorized Morley to obtain express codes from Comdata to issue checks on Larsen's account with Comdata. It was only after Larsen discovered Morley's alleged fraud that it withdrew Morley's authorization to obtain express codes from Comdata, at which time, Comdata immediately blocked Morley's access to express codes. Therefore, because Larsen authorized Morley to obtain express codes from Comdata, Larsen is estopped from denying that Morley had authority to obtain express codes to enable her to issue checks on Larsen's account with Comdata.

WHEREFORE, Defendant Comdata Corporation prays that this Court enter judgment in its favor and against Plaintiff Larsen Leasing Limited, awarding costs and such other relief as the Court deems just.

COMDATA CORPORATION

Dated March 28, 2008

By: s/ David E. Stevenson
David E. Stevenson (des@willmont.com)
Brian Y. Boyd (byb@willmont.com)
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Comdata Corporation
20 North Wacker Drive, Suite 2100
Chicago, Illinois  60606
312-443-3200

27759.00I9AO                                                                  Document #: 769623

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LARSEN LEASING LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:08-cv-01669 |
| | ) |
| COMDATA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF FILING

PLEASE TAKE NOTICE that on March 28, 2008, the undersigned electronically filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Answer of Defendant Comdata Corporation, a copy of which is hereby served upon you.

                                    Respectfully submitted,


                            By:  s/ David E. Stevenson
                                    One of the Attorneys for Defendant
                                    Comdata Corporation


Dated March 28, 2008

David E. Stevenson (des@willmont.com)
Brian Y. Boyd (byb@willmont.com)
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Comdata Corporation
20 North Wacker Drive, Suite 2100
Chicago, Illinois  60606
312-443-3200

## CERTIFICATE OF SERVICE

    I, David E. Stevenson, hereby certify that on March 28, 2008, I electronically filed the foregoing **Appearance of David E. Stevenson on behalf of Defendant Comdata Corporation** with the Clerk of the Court using the CM/ECF system which served all parties who are currently on the Court's Electronic Mail Notice List, by operation of the Court's Electronic Filing System:

    Brad S. Grayson
    Peter D. Kaiser
    Attorneys for Plaintiff
    Strauss & Malk LLP
    135 Revere Drive
    Northbrook, Illinois 60062
    bgrayson@straussmalk.com


    s/ David E. Stevenson
    David E. Stevenson, Esq.

Document #: 769381